■ JADAM ASSOCIATES, INC., Appellant, v. FELOMER, INC., Respondent.—Judgment, Supreme Court, New York County, entered on January 25, 1971, unanimously modified, on the law and the facts, to strike the first decretal paragraph of the judgment dismissing the complaint in its entirety and in lieu thereof to provide that the second cause of action for damages and punitive damages is dismissed; to provide and declare (a) that the defendant has not unreasonably withheld its consent to and approval of the alteration of the corner store in the leased premises as requested by plaintiff and as alleged in the complaint, (b) that, because of the failure to timely submit plans and specifications and because of the failure to obtain the consent of the first mortgagee to the proposed alteration, the defendant was not required to give its consent and approval to the alteration, (c) that the defendant failed to establish a right on its part to cancel and terminate the lease between the parties for alleged defaults or breaches of the lease on the part of the plaintiff; and to provide that the injunctive provisions contained in the second decretal paragraph of said judgment shall continue for a period of 30 days after the entry of the order of this court hereon; and the judgment is otherwise affirmed, without costs and without disbursements to either party. The trial court should have made such declarations as to the rights and legal relations of the parties as was consistent with and justified by the pleading statements and proofs. Although the plaintiff was not entitled to a declaration as sought or to a declaration in its favor, the pleading statements and proofs did suggest and support different declaratory relief and, thus, the trial court should not have dismissed the complaint but should have rendered judgment for such relief. Consequently, we have modified the judgment to eliminate the provision for a dismissal of the cause of action. (See Lanza v. Wagner, 11 N Y 2d 317; Vereinigte Osterreichische Eisen und Stahlwerke A. G. v. Modular Bldg. & Development Corp., 37 A D 2d 525; Petito v. Poulos, 28 A D 2d 900; Fisher v. Becker, 32 A D 2d 786, affd. 26 N Y 2d 938; Medical World Pub. Co. v. Kaufman, 29 A D 2d 859; Lumbermens Mut. Cas. Co. v. Brown, 27 A D 2d 696; see, also, Eager, Declaratory Judgment Action, § 92 and cases cited.) The findings of fact and conclusions of law, as set forth in the opinion of the trial court and the specifically enumerated findings and conclusions approved by it, are in all respects adopted and affirmed. In addition, we expressly find that the plans and specifications for the alteration proposed by plaintiff with respect to the corner store premises were not timely submitted to defendant and, also, that the plaintiff had not at any time prior

to the trial procured the consent of the first mortgagee to the proposed alteration. Finally, we conclude that the defendant failed to establish its defense based upon an alleged scheme for diversion of rental income and we conclude that the declarations as heretofore stated are supported by the proofs and should be made in the determination of the controversies embraced by the pleadings and submitted to the court. The parties by their briefs and arguments have presented issues and matters beyond the scope of the pleading statements and the subject matter of the relief requested. We note that the first cause of action for declaratory relief is predicated solely on a request made by plaintiff for consent by defendant to the proposed alteration of the corner store of the leased premises and for approval of the submitted plans and specifications. The prayer by plaintiff for declaratory judgment is also limited to a request for a declaration concerning the rights of the parties relative to the alteration of said corner store premises. The amended answer, which contained only denials and two alleged defenses, merely puts in issue the right of the plaintiff to the declaratory relief as requested by it. Directly involved are the alleged defaults of the plaintiff in proceeding with the corner store alteration without the submission of plans and specifications, without procuring defendant's approval and consent to the alteration and without the consent of the first mortgagee. No declaratory relief was demanded concerning the disputes and controversies arising from the various claimed breaches and defaults on the part of the plaintiff, other than those relating to the corner store premises, and we do not deem it proper or necessary to render any specific declaration except as above set forth. Furthermore, it is noted that the defendant has not appealed from the judgment and, thus, is not in position to seek a modification of the judgment to procure affirmative relief other than the declarations now made. Finally, in the interests of justice, we continue the temporary injunctive provisions of the judgment for the period of 30 days to afford the plaintiff an opportunity to proceed in accordance with such rights as now exist, if any, to cure violations and defaults on its part, if any now exist. Concur — Markewich, J. P., Nunez, Murphy, Steuer and Eager, JJ.